# EXHIBIT A

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 1

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

_____

KRYSTAL AVANT, Individually and as
Administrator of the Estate of Connell A. Burrell,
Deceased
43 Miller Street
Buffalo, New York 14212,

                Plaintiff,

    v.

COUNTY OF ERIE
95 Franklin Street, Room 1634
Buffalo, New York 14202,

ERIE COUNTY HOLDING CENTER
40 Delaware Avenue
Buffalo, New York 14202, and

ERIE COUNTY SHERIFF'S DEPARTMENT
10 Delaware Avenue
Buffalo, New York 14202,

                Defendants.

_____

**SUMMONS**

Index No.: 808180/2020

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with a summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

{02686933.1}

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD| SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
1 OF 14

1

This action is brought in ERIE COUNTY based on Plaintiff's residence and the location of the incidents.

DATED: July 21, 2020
Amherst, New York

Steven M. Cohen, Esq.
William A. Lorenz, Jr., Esq.
HOGANWILLIG, PLLC
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
scohen@hoganwillig.com

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

_____

KRYSTAL AVANT, Individually and as
Administrator of the Estate of Connell A. Burrell,
Deceased,

                Plaintiff,

v.

COUNTY OF ERIE,
ERIE COUNTY HOLDING CENTER, and
ERIE COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

_____

**VERIFIED
COMPLAINT**

Index No.: 808180/2020

Plaintiff KRYSTAL AVANT, Individually and as Administrator of the Estate of Connell
A. Burrell, Deceased ("Plaintiff") by and through her attorneys, HoganWillig, PLLC, for her
Complaint against Defendants COUNTY OF ERIE ("ERIE COUNTY"), ERIE COUNTY
HOLDING CENTER (the "HOLDING CENTER"), AND ERIE COUNTY SHERIFF'S
DEPARTMENT (the "SHERIFF'S DEPARTMENT") herein, alleges as follows:

1.      At all relevant times hereinafter mentioned, Plaintiff was and still is a resident of
the City of Buffalo, County of Erie, and State of New York.

2.      Plaintiff's Decedent Connell Burrell ("Mr. Burrell") was Plaintiff's brother.

3.      Mr. Burrell died on or about August 2, 2019 at Buffalo General Medical Hospital
after having been in the custody of Defendants in the City of Buffalo, County of Erie, and State
of New York.

4.      On or about March 24, 2020, Plaintiff was granted Letters of Administration by
the Surrogate's Court of the County of Erie, for the estate of Mr. Burrell.  A copy of the Letters
of Administration is attached hereto as **Exhibit A.**

{H2463449.2}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 1

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

5.     Ms. Avant continues to act and serve as the Administrator of the Estate of Mr. Burrell.

6.     At all times hereinafter mentioned, Defendant ERIE COUNTY was and is a municipal corporation organized and existing under the laws of the State of New York, with principal offices located at the Edward A. Rath Building, 95 Franklin Street, Room 1634, Buffalo, New York 14202.

7.     At all times hereinafter mentioned, Defendant HOLDING CENTER was and is an agency of Defendant ERIE COUNTY organized and existing under the laws of the State of New York, with principal offices located at 121 West Eagle Street, Buffalo, New York 14202.

8.     At all times hereinafter mentioned, Defendant SHERIFF'S DEPARTMENT was and is an agency of Defendant ERIE COUNTY organized and existing under the laws of the State of New York, with principal offices located at 10 Delaware Avenue, Buffalo, New York 14202.

9.     Each of the acts of Defendants' employees were performed in the course of their employment with Defendants and under color and pretense of the laws, statutes, ordinances, regulations, customs, practices, and usages of the State of New York and County of Erie pursuant to their authority and within the scope of their employment.

10.     Each of the acts alleged herein of and by Defendants and Defendants' employees constituted state action.

11.     As state action, Defendants are subject to and bound by the authority, proscriptions, rights, and limitations as set forth by the Constitutions of the United States of America and the State of New York.

12.     All Defendants herein as municipal defendants are accountable to the Court

{3124814449.2}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
4 of 14

1

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 1

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

before which this matter is pleaded as "persons" pursuant to the holding in *Monell v. Department of Social Services*, 436 US 658 (1978), and subject to suit under 42 USC §1983.

13.    All municipal defendants herein are subject to suit under 42 USC §1983 for their employee's actions, not based on a *respondeat superior* theory, but because the Constitutional deprivations at issue here were conducted pursuant to governmental "custom." *Id*. at 690.

14.    As required by New York General Municipal Law, a Notice of Claim was properly and duly served upon Defendants on or about October 30, 2019. A copy of Plaintiff's Notice of Claim is attached hereto as Exhibit B.

15.    That on June 2, 2020, Defendants conducted a 50-h examination of Plaintiff.

16.    That more than thirty (30) days have elapsed since Plaintiff's 50-h examination and, as of the time of this Complaint, Defendant has made no offers to settle this claim.

17.    That this action was commenced within one year and ninety days of the date of the subject incident.

18.    Venue is proper in Erie County based on Plaintiff's residence and the location of the incident.

### ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS

19.    On or about July 31, 2019, Mr. Burrell, the father of one minor child, began serving a fifteen-day sentence at Defendant HOLDING CENTER, under the direction of Defendant SHERIFF'S DEPARTMENT.

20.    Upon information and belief, prior to entering Defendant HOLDING CENTER, Mr. Burrell, either personally or through his Public Defender, informed Defendant HOLDING CENTER that he had Type 2 Diabetes and needed to take certain medicines.

21.    Mr. Burrell's blood sugar was tested at 2:30 p.m. on July 31, 2019. His glucose

{H2481849.3}

2

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

level was at 368.

22.     Mr. Burrell's blood sugar was tested again prior to dinner and his glucose level was recorded at 528.

23.     Between 6:30 and 7:30 p.m., Defendants' employees administered Mr. Burrell 14 units of subQ Humalog, a short-acting insulin.

24.     Upon information and belief, 14 units of short-acting insulin is considered a high dosage and must be administered with food.

25.     Plaintiff spoke with Mr. Burrell at or around approximately 8:00 p.m. on July 31, 2019, at which time Mr. Burrell did not indicate any medical issues.

26.     At 10:00 p.m. on July 31, 2019, another inmate at Defendant HOLDING CENTER called Plaintiff to inform her that Mr. Burrell was sweating profusely and needed immediate medical attention.

27.     Plaintiff immediately called the HOLDING CENTER to make them aware of the situation.

28.     At 10:05 p.m. on July 31, 2019, Plaintiff spoke with an Officer Crystal who stated that she would pass along the information.

29.     Upon information and belief, within the next five minutes, inmates found Mr. Burrell unconscious on the floor.

30.     After being partially woken by the other inmates, Mr. Burrell was forced by Defendants' employees to walk to the infirmary where he was laid on the floor, instead of in a bed. At this point, Mr. Burrell's glucose level was in the low 20s.

31.     Mr. Burrell was then administered oral glucose by Defendants' employees and became slightly responsive. However, Mr. Burrell's glucose level remained the same.

{11248149.2}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
6 of 14

3

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 1

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

32.     Defendants' employees then administered another round of oral glucose and also administered an intramuscular injection of glucagon.

33.     In addition, Defendants' employees gave Mr. Burrell juice and milk, and further, forcibly fed Mr. Burrell a peanut butter sandwich, despite his semi-unconscious state, which caused Mr. Burrell to begin choking.

34.     Mr. Burrell's condition continued to deteriorate, and he then went into cardiac arrest.

35.     At 10:37 p.m. on July 31, 2019 Mr. Burrell again became unresponsive.

36.     At 10:38 p.m. on July 31, 2019 Defendants' employees finally called for an ambulance.

37.     The ambulance arrived at 10:41 p.m. on July 31, 2019.

38.     First responders Thomas Reuter, Ryan Fisk, Eric Conley, and Matthew Stebbins reached Mr. Burrell at 10:47 on July 31, 2019 where they found him supine on the ground with Defendants' employees performing CPR. Mr. Burrell at some point was brought back from Asystole, regained consciousness, and had a seizure.

39.     First responders administered to Mr. Burrell Dextrose for hypoglycemia due to a glucose level of 32.

40.     Between 10:54 p.m. and 10:58 p.m. on July 31, 2019, Mr. Burrell had no pulse.

41.     At 11:27 p.m. on July 31, 2019, Mr. Burrell was transported to Buffalo General Hospital (BGH) where he entered triage at 11:36 p.m.

42.     The triage was performed by Jennifer Bailey, RN.

43.     Mr. Burrell was intubated with vomit all over his face.

44.     Mr. Burrell then had to be re-intubated due to pieces of nondigested peanut butter

{H2488149.2}

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

4

7 of 14

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

blocking his throat.

45.     Anticipating low glucose levels, Dr. Josette Teuscher ordered 50% Dextrose (D50) for hypoglycemia. However, Mr. Burrell's glucose level was 110, which is a normal level, and the D50 was administered before Dr. Teuscher could cancel it.

46.     Mr. Burrell's glucose level rose to over 602 as a result of this administration.

47.     Mr. Burrell's glucose levels remained sporadic, ranging from 24 to 400.

48.     The family was notified of Mr. Burrell's condition at 9:24 a.m. on August 1, 2019.

49.     Mr. Burrell was officially admitted to BGH on August 1, 2019.

50.     When Plaintiff arrived at the hospital, Mr. Burrell was in the Intensive Care Unit, with a guard placed outside his room.

51.     Plaintiff and the minor son of Mr. Burrell visited him at 11:30 a.m. on August 1, 2019. They witnessed him stable, but unconscious.

52.     At 7:18 a.m. on August 2, 2019, Mr. Burrell passed away in the presence of family, including Plaintiff and the minor son of Mr. Burrell.

53.     The cause of death as listed on the death certificate is contributed to complications of hypoglycemia.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR WRONGFUL DEATH

54.     Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "53" as if fully set forth herein.

55.     Defendants, through their employees, agents, members and/or officers, held Mr. Burrell as a prisoner in their holding cell and owed a duty of reasonable care to act on behalf of

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
8 of 14

5

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

Mr. Burrell in properly supervising, providing assistance, adequate medical care, and help to Mr. Burrell.

56. Defendants, through their employees, agents, members and/or officers breached their aforesaid duties and negligently, recklessly, wantonly, and/or intentionally failed to properly supervise and/or protect Mr. Burrell while he was a prisoner in their custody.

57. That Mr. Burrell's injuries and ultimate death were caused solely by the negligent, careless, reckless, wanton, and wrongful intentional acts of Defendants.

58. Defendants, through their employees, agents, members and/or officers, either knew or should have known that a failure to properly supervise and act on behalf of Mr. Burrell and provide assistance to Mr. Burrell, would lead to harm to Mr. Burrell by causing injury and/or death.

59. That by reason of the foregoing, Plaintiff's and Mr. Burrell's estate suffered harm and damages in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR CONSCIOUS PAIN AND SUFFERING

60. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "59" as if fully set forth herein.

61. From approximately 10:00 p.m. on July 31, 2019 to 7:18 a.m. on August 2, 2019, Mr. Burrell had time to contemplate his death and the fate of his child without him, and endured great pain and mental suffering, suffered intense physical pain and mental shock and anguish, and did suffer conscious pain and suffering, all of which was the result of the tortious acts of Defendants.

62. That by reason of the foregoing, Plaintiff's and Mr. Burrell's estate herein

{1124814402}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

suffered harm and damages in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR EMPLOYER LIABILITY FOR EMPLOYEE ACT

63.     Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "62" as if fully set forth herein.

64.     Defendants are liable for the actions of their employees which directly resulted in the death of Mr. Burrell due to Defendants' employee's negligence or misconduct.

65.     Defendants' employee's negligence or misconduct was done within the scope of their authority as employees of Defendants.

66.     That by reason of the foregoing, Plaintiff's and Mr. Burrell's estate suffered harm and damages in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION

67.     Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "66" as if fully set forth herein.

68.     Upon information and belief, Defendants, their agents, servants, and employees, hired officers to perform work for Defendants, including those responsible for the arrest and supervision of Mr. Burrell while in custody.

69.     That Defendants, their agents, servants, and employees, trained officers to perform work for Defendants, including those responsible for the arrest and supervision of Mr. Burrell while in custody.

{01248349.1}

7

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

10 of 14

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

70. That Defendants were negligent in the hiring of those agents, servants, and /or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants, and/or employees of Defendants did not possess the knowledge or skills to effect arrests and safely supervise arrestees and prisoners of Defendant HOLDING CENTER, including those responsible for the arrest and supervision of Mr. Burrell while in custody.

71. That Defendants were negligent in the training of their officers in that they failed to train their officers in proper custodial techniques for prisoners, including those responsible for the arrest and supervision of Mr. Burrell while in custody.

72. That Defendants were negligent in the supervision of their officers in that they failed to supervise and discipline officers who failed to ensure the protection of prisoners in their custody.

73. Failure to properly train and supervise its employees demonstrates a deliberate indifference to the rights of persons with whom Defendants' employees would come into contact.

74. Defendants promulgated and encouraged an atmosphere of disregard of the rights of citizens under the United States Constitution and the New York Constitution, and the involved employees were acting in accordance with this governmental custom.

75. That by reason of the foregoing, Plaintiff's and Mr. Burrell's estate suffered harm and damages in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages.

{812481449.2}

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
11 of 14

8

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS: DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW

76.     Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "75" as if fully set forth herein.

77.     That Defendants, through their agents, servants, and/or employees, in failing to supervise, provide adequate medical care, and ensure the safety of Mr. Burrell, intentionally deprived Mr. Burrell of his right to life under the Fourth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment of the United States Constitution without due process of law.

78.     That as a result of the foregoing, Mr. Burrell has been fatally injured, all to his damages in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: PUNITIVE DAMAGES

79.     Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "78" as if fully set forth herein.

80.     The wanton, reckless, malicious, and unconstitutional acts by all Defendants herein warrants, merits, and demands an imposition of punitive damages to protect society from similar acts.

81.     Notwithstanding countless incidents of similar conduct by Defendants and their employees, the conduct continues, unabated, as the consequences and awards of mere compensatory damages alone have been insufficient thus far to cause Defendants to be motivated to take the necessary steps to change their governmental custom and put an end to such tortious and unconstitutional conduct.

[1258144.2]                                                                                                9

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
12 of 14

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 1

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

WHEREFORE, Plaintiff demands judgment against Defendants on its causes of action as set forth below:

a)      On the first cause of action, in an amount that exceeds the jurisdictional limits of all lower courts;

b)      On the second cause of action, in an amount that exceeds the jurisdictional limits of all lower courts;

c)      On the third cause of action, in an amount that exceeds the jurisdictional limits of all lower courts;

d)      On the fourth cause of action, in an amount that exceeds the jurisdictional limits of all lower courts;

e)      On the fifth cause of action, in an amount that exceeds the jurisdictional limits of all lower courts;

f)      On the sixth cause of action, in an amount that exceeds the jurisdictional limits of all lower courts; and

g)      Costs and disbursements of this action, plus attorney's fees pursuant to 42 USC §1988 (b); and

h)      Such other and further relief as this Court deems just and proper to Plaintiff.

DATED:      July 21, 2020
             Amherst, New York

_Steven M. Cohen, Esq._
Steven M. Cohen, Esq.
William A. Lorenz, Jr., Esq.
HOGANWILLIG, PLLC
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
scohen@hoganwillig.com

[112481449.2]

10

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 1

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

# VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE      ) SS:
                       )

Krystal Avant, being duly sworn deposes and says: that she is the Plaintiff in the above matter, that she has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to her knowledge except as to those matters alleged to be upon information and belief, as to those matters, she believes them to be true.

Krystal Avant

Sworn to before me this
21st day of July, 2020

NOTARY PUBLIC

Steven M. Cohen
Notary Public – State of New York
Qualified in Erie County
My Commission expires March 6 , 2023

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
14 of 14

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 2

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

## Surrogate's Court of the County of Erie

On the Date Written Below LIMITED LETTERS OF ADMINISTRATION were granted by the Surrogate's Court of Erie County, New York as follows:

File #: 2020-1120

Name of Decedent:      **Connell A Burrell**           Date of Death: 08-02-2019

Domicile:              **Erie County**

Type of Letters Issued:   **LIMITED LETTERS OF ADMINISTRATION**

Fiduciary Appointed:      **Krystal Avant**
                         43 Miller Street
                         Buffalo NY 14212

**Limitations:  Pursuant to SCPA 702(1), no final compromise of any wrongful death or related action(s) or proceeding(s) shall be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the Surrogate for an order from the Surrogate removing these restrictions.**

**A kinship hearing must be held before any determination can be made as to decedent's distributees, and no net settlement funds may be paid out until such hearing has been held and this Court has made a determination on the kinship issues.**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: March 24, 2020                    IN TESTIMONY WHEREOF,  the seal of the Erie County
                                         Surrogate's Court has been affixed.

                                         WITNESS, Hon Acea M. Mosey, Judge of the Erie County
                                         Surrogate's Court

                                         _____
                                         Kathleen A. Downing, Esq., Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Erie County Surrogate's Court*

Attorney:
Danielle N DeJoseph
Hogan Willig
2410 North Forest Road Suite 301
Amherst NY 14068

NOTICE: Attention is called to the provision of Sec. 11-1.6 of Estates, Powers and Trusts law and Sec. 719 of the Surrogate's Court Procedure Act, which makes it a misdemeanor and a cause for removal for a fiduciary to deposit or invest estate funds in his individual account or name. All funds must be deposited in the name of fiduciary and to the credit of the estate. See 708 and Sec 711 of the Surrogate's Court Procedure Act provide that if the address of the fiduciary changes they shall promptly notify the court of the new address and that failure to do so within thirty (30) days after such change may result in the suspension or revocation of letters.

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 2

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

FILED

MAR 2 4 2020

SURROGATE'S COURT
ERIE COUNTY, N.Y.

At a Surrogate's Court of the State of New
York held in and for the County of Erie at
Buffalo, New York.

PRESENT: Hon. Acea M. Mosey, Surrogate

---

| Administration Proceeding, Estate of Connell A Burrell | DECREE GRANTING LIMITED ADMINISTRATION |
|---|---|
| | File No. 2020-1120 |

---

Deceased.

---

A verified petition having been filed by Krystal Avant praying that administration of the goods, chattels and credits of the above-named decedent be granted to Krystal Avant and all persons named in such petition, required to be cited, having been cited to show cause why such relief should not be granted, have either failed to appear in response to a served citation or having waived the issuance of such citation and consented thereto; and it appearing that Krystal Avant is in all respects competent to act as administrator of the estate of said deceased; now it is

ORDERED AND DECREED, that Limited Letters of Administration issue to Krystal Avant upon proper qualification and the filing of a bond be and hereby is dispensed with; and it is further

ORDERED AND DECREED, that the authority of such administrator be restricted in accordance with, and that the letters herein issued contain, the limitation(s) as follows:

Limitations/Restrictions:  Pursuant to SCPA 702(1), no final compromise of any wrongful death or related action(s) or proceeding(s) shall  be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the Surrogate for an order from the Surrogate removing these restrictions.

A kinship hearing must be held before any determination can be made as to decedent's distributees, and no net settlement funds may be paid out until such hearing has been held and this Court has made a determination on the kinship issues.

DATED:  March 24, 2020

Acea M Mosey
Acea M. Mosey
Surrogate

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 3

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

STATE OF NEW YORK: COUNTY OF ERIE

_____

In the Matter of the claim of

Krystal Avant as Putative Administrator of the Estate
Of Connell Burrell, Deceased,

                         Claimants,

          -against-

County of Erie
95 Franklin Street, Room 1634
Buffalo, New York 14202,

Erie County Holding Center
40 Delaware Avenue
Buffalo, New York, and

Erie County Sheriff's Department
10 Delaware Avenue
Buffalo, New York 14202

                         Respondents.
_____

**NOTICE OF CLAIM**

TO:    **County of Erie**
       **Erie County Holding Center**
       **Erie County Sheriff's Department**

       **PLEASE TAKE NOTICE**, Krystal Avant as Putative Administrator of the Estate of

Connell Burrell, Deceased, the Claimant herein, hereby makes a claim and demand against the

County of Erie ("Erie County"), Erie County Holding Center ("ECHC"), and the Erie County

Sheriff's Department ("Sheriffs"), pursuant to § 50-e of the General Municipal Law, as follows:

       1.  The names and post-office addresses of the Claimant and her attorneys are:

       Krystal Avant                    Steven M. Cohen
       43 Miller Street                 William A. Lorenz, Jr., Esq.
       Buffalo, New York 14212          HOGANWILLIG
                                        2410 North Forest Road, Suite 301
                                        Amherst, New York 14068

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

{H2380285.2}

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 3

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

2.  The nature of the claim:

This action seeks to recover damages, on behalf of Krystal Avant, as Putative Administrator of the Estate of Connell Burrell, Deceased, on behalf of the estate and the rightful heirs and potential distributes of the Estate of Connell Burrell, which includes one minor child, arising out of the wrongful death, and resulting economic loss, special damages, pain and suffering, and other damages sustained by Connell Burrell, as a result of the intentional and/or negligent, careless, reckless and otherwise tortious conduct of Respondents, and/or their agents, servants or employees, as further set forth below. In addition, Krystal Avant asserts derivative claims herein, on her own behalf and on the behalf of the minor child of Connell Burrell and claims for the emotional pain and suffering of bearing witness to her brother's suffering and demise as a result of the tortious conduct of Respondents herein.

3.  The date, time, place where, and the manner in which the claim arose is as follows:

The incident giving rise to this matter began on July 31, 2019, and ended on August 2, 2019 at approximately 7:20 a.m. upon the death of Connell Burrell. On July 31, 2019, Connell Burrell was sentenced to fifteen days in the Erie County Holding Center, after taking a plea to violation disorderly conduct. Prior to being incarcerated, Connell Burrell, either personally or through his public defender and others, advised ECHC that he needed to take certain medicines for his diabetes. At approximately 2:30 p.m., Connell's blood sugar was tested by Respondents and found to be high. ECHC staff fed Connell food contraindicated for his medical situation. They failed to continue to monitor Plaintiff's Decedent. Prior to dinner, Connell's blood sugar was tested again, and found to be even higher. Connell was administered a high dose of fast acting insulin by Respondents between 6:30-7:30 p.m and was not appropriately monitored thereafter, and was abandoned as a patient by Respondents.

HOGAN WILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

2

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM

NYSCEF DOC. NO. 3

INDEX NO. 808180/2020

RECEIVED NYSCEF: 07/30/2020

At approximately 10:00 p.m., Connell Burrell's sister was contacted by another inmate who informed her that Connell was sweating profusely and needed medical attention, which the inmate was unsuccessful in getting from Respondents for Connell. Connell's sister called Respondent and spoke to an Officer who promised to pass the complaint along on an urgent basis.

Sometime thereafter, an inmate found Connell Burrell unconscious on the floor. Officers were able to revive Connell and had him walk to the infirmary, where he was placed on the floor, not a bed. Connell Burrell's condition continued to deteriorate, and he went into cardiac arrest before ECHC infirmary staff ever called for an ambulance to transfer Connell to Buffalo General Medical Center.

Connell arrived at Buffalo General Medical Center at approximately 11:35 p.m. on July 31, 2019, where his blood sugar was found to be normal. More insulin was negligently administered while the blood sugar was normal. Connell's blood sugar continued to be sporadic, ranging between 400 and 24. Connell passed away at approximately 7:20 a.m. on August 2, 2019, with his family present.

**The items of damages or injuries claimed are:**

Claimant asserts derivative claims herein, and claims for the emotional pain and suffering of bearing witness to her brother's suffering and demise as a result of the tortious conduct of Respondents herein. Claimant suffered abandonment, neglect, wrongful death, economic loss, special damages, pain and suffering, emotional suffering and other damages, the full extent of which are unknown at present, but in no instant being less than an amount which exceeds the jurisdictional limits of all lower courts herein. Said claim and demand is hereby presented for adjustment and payment.

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

3

FILED: ERIE COUNTY CLERK 07/30/2020 04:35 PM
NYSCEF DOC. NO. 3

INDEX NO. 808180/2020
RECEIVED NYSCEF: 07/30/2020

Dated: Amherst, New York
October 28, 2019

Steven M. Cohen, Esq.
William A. Lorenz, Jr., Esq.
HOGANWILLIG, PLLC
*Attorneys for Claimant*
2401 North Forest Road, Suite 301
Amherst, New York 14068
Telephone: (716) 636-7600
scohen@hoganwillig.com

## VERIFICATION

STATE OF NEW YORK           )
COUNTY OF ERIE              ) SS:

Krystal Avant, being duly sworn, deposes and states: she is the Claimant in the within matter, that she has read the foregoing Notice of Claim and knows the contents thereof, that the same is true to her knowledge except as to those matters alleged to be upon information and belief, as to those matters, she believes them to be true.

Krystal Avant

Sworn to before this 28

day of October, 2019

Notary Public

Steven M. Cohen
Notary Public – State of New York
Qualified in Erie County
My Commission expires March 6, 2023

HOGANWILLIG, LLC
Attorneys at Law
2401 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Erie

This paper received at the
Erie County Attorney's Office
from Ashley Czarnecki on
the 13 day of Nov, 20____
at 3^18 a.m./p.m.
~Assistant County Attorney

------------------------------------------------------------x

Krystal Avant, Individually and as
Administrator of the Estate of Connell A.
                    Plaintiff/Petitioner,

            - against -

County of Erie, Erie County Holding Center
and Erie County Sheriff's Department
                    Defendant/Respondent.

Index No. 808180/2020

------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                                        EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  07/30/2020

Steven M. Cohen, Esq.

Name

HoganWillig

Firm Name

2410 N. Forest Road, Suite 301

Amherst, NY 14068

Address

716-636-7600

Phone

scohen@hoganwillig.com

E-Mail

To:  County of Erie

Erie County Holding Center

2/24/20

Index  #                    Page 2  of 2                    EFM-1