UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KRYSTAL A. AVANT, individually and as administrator of the estate of Connell A. Burrell,

          Plaintiff,

   v.

COUNTY OF ERIE, *et al.*,

          Defendants.
_____

20-CV-1689-LJV-HKS
DECISION & ORDER

The plaintiff, Krystal A. Avant, has moved to amend the complaint to include three additional defendants.  Docket Item 58.

Avant filed this action in 2020, individually and as administrator of the estate of her brother, Connell A. Burrell, who died in 2019 after being held in custody at the Erie County Holding Center.  Docket Item 1-1.  Avant's complaint asserted claims under 42 U.S.C. § 1983 and New York State law for wrongful death and conscious pain and suffering against Erie County, the Erie County Holding Center, and the Erie County Sheriff's Department.  *Id.*  She alleged that the defendants were liable vicariously and for failing to train, negligently training and hiring, and failing to supervise their employees.  *Id.*  On April 29, 2024, this Court granted the defendants' motion for summary judgment with respect to all of Avant's claims except her section 1983 claim against Erie County for failing to train its employees.  Docket Item 55.

Avant now moves to amend her complaint to add direct claims under section 1983 and New York State law against three Erie County employees—Natasha Strough,

RN; Heidi Cornell, NP; and former Erie County Sheriff Timothy Howard—for their involvement in Burrell's death. Docket Items 58 and 58-1; *see* Docket Item 58-3 (proposed amended complaint). Avant says that this Court should allow her to amend her complaint under Federal Rule of Civil Procedure 15(c) because she "did not become aware of the names of the employees involved and their specific actions in th[e underlying] incident until [she] was able to request and review additional documents from the [d]efendants" during discovery. Docket Item 58-1 at 2-4.

Erie County opposes the motion. Docket Item 62. It says that Avant has been aware of Strough's and Cornell's identities and their role in the incident that led to Burrell's death since at least 2022 based on documents provided in discovery. *See id.* at 3-4. And it adds that "[o]f course, [p]laintiff's counsel has been aware of the identity of Sheriff Timothy Howard since at least his election in 2005." *Id.* at 4. Further, the County argues that the statutes of limitations on Avant's claims against the three proposed defendant have run and that Avant cannot invoke Federal Rule of Civil Procedure 15(c) to avoid that bar. *Id.* at 4-7. For all those reasons, it argues, the Court should not allow Avant to amend her complaint to add defendants that she has known about for years. *See id.* at 7. For the reasons that follow, this Court agrees with Erie County.

## DISCUSSION

The Court first examines whether the relevant statutes of limitations bar Avant from amending her complaint to add claims against Strough, Cornell, and Howard. Under New York Law, the statute of limitations for a wrongful death action is two years, *see Rivera v. West*, 2015 WL 8481554, at *2 (S.D.N.Y. Nov. 24, 2015) (explaining that

New York law "provides that a wrongful death claim 'must be commenced within two years after [the] decedent's death'" (quoting N.Y. Est. Powers & Trusts Law § 5-4.1(1))), and the statute of limitations for a claim premised on medical malpractice is two and a half years, *see Buchanan v. Hesse*, 2018 WL 6067234, at *2 (S.D.N.Y. Nov. 20, 2018) (holding that conscious pain and suffering claim "predicated on a medical malpractice claim[ was] governed by the two-and-a-half year statute of limitations set forth in N.Y. C.P.L.R. § 214-a"). The statute of limitations for a section 1983 claim is three years. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) ("[I]n New York, the statute of limitations for [s]ection 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years.").

Burrell died on August 2, 2019, and all relevant conduct described in the complaint took place prior to his death. *See* Docket Item 1-1; *see also* Docket Item 62 at 4 (Erie County's noting this in opposing the motion to amend). So the very latest that Avant could have filed any of her claims against the three proposed defendants was August 2, 2022—nearly two years ago.

Avant attempts to evade these time bars by invoking Federal Rule of Civil Procedure 15 and arguing that her proposed amendment "relates back" to the date that her original complaint was filed. Docket Item 58-1 at 2. Under that rule, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted" and certain notice requirements are met. Fed. R. Civ. P. 15(c)(1). More specifically, Rule 15 provides that such an amendment is proper only if "within the

3

period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment":

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

The Second Circuit has held that Federal Rule of Civil Procedure 15(c) does not allow a plaintiff to invoke the "relation back" doctrine "for amended complaints that add new defendants[ if] the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013). That is, "although 'Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties, the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" *Id.* (alterations omitted) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)). Indeed, in *Hogan*, the Second Circuit explicitly held that a plaintiff could not invoke Federal Rule of Civil Procedure 15(c) to avoid the statute of limitations where his failure to name a defendant was due to a "lack of knowledge of . . . [the] defendant's name." *Id.* at 518. So Avant cannot invoke the "relation back" doctrine to avoid the statutes of limitations here, and her claims against the proposed defendants therefore are time barred.

In any event, Avant's reply in support of her motion to amend does not meaningfully dispute the fact that she—or at least her counsel—has known since at least 2022 about the role that Strough, Cornell, and Howard played in the incident that led to Burrell's death. *See* Docket Item 65-3. Indeed, the documents that Avant

4

appended to her reply support the County's contention on that point.  *See* Docket Items 65-1 and 65-2.  What is more, the defendants whom Avant seeks to add all were referenced by name in material that she submitted in support of the summary judgment motion she filed a year ago.  *See* Docket Items 42-4 and 42-9.  So Avant clearly has known the identity of the individuals she seeks to add as defendants for quite some time.

Discovery in this case has been closed for more than a year, *see* Docket Item 39 (setting May 19, 2023, as the deadline for the completion of discovery), and the case is ready for trial, Docket Item 55 (order dated April 29, 2024, instructing the parties to contact this Court to schedule a status conference to set a trial date).  So even if the claims were not time barred, adding defendants now would entail permitting new counsel to appear on behalf of those individuals, and new counsel would undoubtedly want to participate in discovery—if not to begin the process anew.  And "[c]ourts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery."  *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 366 (S.D.N.Y. 2020) (collecting cases).

This Court takes very seriously its obligation to "freely give leave [to amend] when justice so requires."  Federal Rule of Civil Procedure 15(a)(2).  In fact, this Court routinely grants such leave when there is any reason to do so.  But in the absence of any justification from the plaintiff's lawyer as to why these defendants were not named years earlier, the Court cannot, in good conscience, grant leave to amend to add new defendants when the statute of limitations has run and the case is otherwise ready for trial.

5

## **CONCLUSION**

For the reasons explained above, Avant's motion to amend, Docket Item 58, is DENIED. The parties shall contact this Court to schedule a status conference to set a trial date **within 30 days of the date of this order**.

SO ORDERED.

Dated: July 30, 2024
       Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE