UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KRYSTAL A. AVANT, individually and as administrator of the estate of Connell A. Burrell,

    Plaintiff,

  v.

COUNTY OF ERIE et al.,

    Defendants.

20-CV-1689-LJV-HKS
DECISION & ORDER

---

  Before this Court are motions brought by the plaintiff, Krystal A. Avant, asking this Court to approve the settlement of this wrongful death action and to seal the settlement amount.[1]  Docket Items 91 and 97.  After hearing oral argument from the parties, *see* Docket Item 95, and for the reasons stated below, the Court grants both motions.

## DISCUSSION

### I. MOTION TO APPROVE THE SETTLEMENT

  This Court is required to approve settlements of wrongful death claims under New York State law and the Local Rules of Civil Procedure.[2]  *See* N.Y. Est. Powers &

---

[1] Throughout this decision and order, the Court refers to the redacted versions of the motion to approve the settlement and its supporting documents that were filed on the docket.  *See* Docket Item 97.  Unredacted versions of those documents were provided to the Court.

[2] Local Rule of Civil Procedure 41(a)(2) requires that any "application to settle . . . include a signed affidavit or petition by the estate representative and a signed affidavit by the representative's attorney" detailing the circumstances underlying the

Trusts § 5-4.6(a); Loc. R. Civ. P. 41(a)(2).  In deciding whether to approve a settlement in a wrongful death action, courts in this district "determine whether 'the proposed settlement is in the best interests of the estate and distributees.'"  *Crout v. Haverfield Int'l, Inc.*, 348 F. Supp. 3d 219, 226 (W.D.N.Y. 2018) (quoting *Durlak v. Medtronic, Inc.*, 2012 WL 2838764, at *1 (W.D.N. Y. July 10, 2012)).  To make that determination, courts weigh five factors:

> (1) the circumstances giving rise to the claim, (2) the nature and extent of the damages, (3) the terms of the settlement and amount of attorneys' fees and other disbursements, (4) the circumstances of any other claims or settlements arising out of this same occurrence, and (5) the plaintiff's statement of why [the plaintiff] believes this settlement is in the best interest of the estate and the distributees.

*Id.* (quoting *Durlak*, 2012 WL 2838764, at *1).

After considering the factors outlined above and reviewing the parties' filings, particularly the sworn statements of Avant and her counsel, Docket Items 97-1 and 97-2, this Court approves the proposed settlement.

The parties have agreed to settle this action, in which Avant brings claims related to the wrongful death of her brother, Connell A. Burrell, *see* Docket Item 1-1, for a specified amount provided to the Court, *see* Docket Item 97.  It is impossible for this Court—or anyone—to provide an exact estimate or account of the damages here:  As Avant's counsel notes, "[o]ne cannot put a value on a person's life."  Docket Item 97-1 at ¶ 7.

---

settlement and the reasons it should be approved.  Loc. R. Civ. P. 41(a)(2)(A).  Avant and her counsel have provided the required documents here.  *See* Docket Items 97-1 and 97-2.

2

But as to the more mundane question of whether approval of this settlement is appropriate, the Court first notes that both sides have been assisted by experienced counsel who reached this agreement at arm's length and only after extensive litigation. And in light of the risks and costs inherent in any lawsuit of this sort, courts will defer to the judgment of experienced counsel who negotiate at arm's length to reach an agreement beneficial to both sides. *See Crout*, 384 F. Supp. 3d at 226 (finding wrongful death settlement "negotiated by experienced counsel" to be "fair and appropriate" given "the costs and inherent risks to both sides of a jury trial and the benefits of reaching a final resolution"); *Leslie v. Met Pro Techs., LLC*, 2019 WL 5783534, at *2 (N.D.N.Y. Mar. 1, 2019) (finding settlement appropriate when "it [was] unclear that a larger verdict could [have been] obtained . . . [had] the matter . . . proceed[ed] all the way through trial" and noting that "by settling the matter . . . [,] the [a]dministratrix of the [e]state remove[d] any uncertainty as to the outcome, and save[d] the [e]state . . . significant expense"), *report and recommendation adopted*, 2019 WL 5783518 (N.D.N.Y. Mar. 26, 2019). This Court therefore will not second guess the parties' and their counsels' judgment.

The provision for attorney's fees also is reasonable. Based on the settlement amount and the retainer agreement, Docket Items 97 and 97-3, disbursements will first be subtracted from the gross settlement amount, and Avant's counsel will receive attorney's fees equal to one-third of what remains, *see* Docket Item 97-4. While a court is not "bound by the terms of [contingency fee] agreement[s]," it does "consider" them. *Crout*, 348 F. Supp. 3d. at 227. Further, under New York law, attorney's fees not exceeding one-third of the sum recovered in a wrongful death action are presumptively "reasonable." *See Est. of Marshall v. City of New York*, 2012 WL 2320764, at *1, *3

3

(E.D.N.Y. June 19, 2012); *Gluck v. Sandelli*, 2022 WL 1556124, at *2 (S.D.N.Y. May 16, 2022); 22 N.Y. Comp. Codes R. & Regs.§ 1015.15(b) (2018).  This Court sees no reason to depart from that standard here.

In addition to attorney's fees, Avant's counsel will recoup $4,664.98 already paid out as disbursements, which, according to the recapitulation statement, include filing fees, service costs, an expert witness retainer, and transcript costs.  *See* Docket Item 97-4.  The Court finds no issue with the repayment of those costs, which are entirely reasonable.[3]  *See Gluck*, 2022 WL 1556124, at *2 (upholding an award of "reimbursement [for] . . . standard litigation expenses" in addition to attorney's fees).

The parties' joint motion to approve the settlement therefore is granted.

## II.   MOTION TO SEAL THE SETTLEMENT AMOUNT

Under Local Rule of Civil Procedure 5.3(a), "cases, parties, complaints, and documents are [presumptively] publicly accessible," and "[a] party seeking to have a case, party, complaint, document, or portion of a document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law." That rule is consistent with the longstanding "'presumption of access' to judicial records," which is rooted in the Constitution as well as the common law.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

---

[3] Further, an additional sum—$4,454.25—will be subtracted from the settlement funds to pay a lien for attorney's fees "for [the] Estate file in Erie County Surrogate's Court"—a separate matter in which Avant was represented by the same law firm.  *See* Docket Item 97-1 at ¶ 8; Docket Item 97-2 at ¶ 7; Docket Item 97-4.  Based on this Court's questioning of counsel at oral argument, it deems this arrangement reasonable.

This Court is cognizant that generalized concerns about confidentiality or the potential that disclosure would make future settlements more difficult is not enough, standing alone, "to overcome the presumption of public access to settlements requiring court approval." See Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co., 2021 WL 2188167, at *3 (N.D.N.Y. May 28, 2021). But the Court also must weigh the privacy interests of Avant and her family, as expressed in her affidavit, see Docket Item 97-2, and on the record, see Docket Item 95. And after doing so, the Court finds that the "limited redaction of [the settlement amount] is justified and necessary to protect . . . legitimate privacy interests [that] outweigh the presumption of public access under both the common law and the First Amendment."[4]  See Hunter, 2021 WL 2188167, at *4.

The motion to seal the settlement amount therefore is granted without prejudice to a future motion for disclosure.

## CONCLUSION

In sum, based on its review of the underlying circumstances of this case, the statements of Avant and her counsel in support of the settlement, and the applicable law, this Court finds that the proposed settlement is fair and reasonable. The motion to approve the settlement, Docket Item 97, therefore is GRANTED, and the proposed

---

[4] The Court particularly considers the relatively young age of Burrell's son, a third party, who will be the beneficiary of the settlement. See Docket Item 97-2 at ¶ 11; see also United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (quoting In re Newsday, Inc., 895 F.3d 74, 79 (2d Cir. 1990))).

settlement is APPROVED.  The motion to seal the settlement amount also is GRANTED without prejudice, and that amount will be redacted from all public filings.[5]

Erie County shall pay the settlement amount specified in the motion for settlement to Tiveron Law, PLLC, for distribution.  Of that sum, the following amounts should be allocated to Tiveron Law: attorney's fees of one-third of the settlement amount less the cost of disbursements; $4,664.98 for disbursements; and $4,454.25 as repayment of the lien.  The balance of the proceeds shall be placed into a trust account with no right of withdrawal until authorized by the Erie County Surrogate's Court.  All further proceedings in the estate of Connell A. Burrell, including the entering of an "order of distribution of the net proceeds of the settlement," shall be completed in that court.  See Local Rule 41(a)(2)(D).  The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   August 29, 2025
         Buffalo, New York


                                             /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[5] Because it essentially would reveal the total amount of the settlement, the amount of attorney's fees awarded also is redacted from all publicly available documents.